**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY**

CASE NO. 2:21-cv-965-RMG

| | |
|---|---|
| **TIFFANY N. PROVENCE, as the Personal Representative for the Estate of Juan Antonio Villalobos Hernandez,** | |
| **Plaintiff,** | |
| v. | **COMPLAINT (NON-JURY)** |
| **UNITED STATES OF AMERICA, CROWLEY MARITIME CORPORATION, CROWLEY GOVERNMENT SERVICES, INC., DETYENS SHIPYARDS, INC., and HIGHTRAK STAFFING, INC. d/b/a HITRAK STAFFING, INC.** | |
| **Defendants.** | |

**COMES NOW** Plaintiff, Tiffany N. Provence, as the Personal Representative for the Estate of Juan Antonio Villalobos Hernandez, by and through counsel, complaining of Defendants, would allege and show the Court the following:

**PARTIES, JURISDICTION, AND VENUE**

1. This is a case of maritime personal injury and is an admiralty and maritime claim with the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff invokes the subject matter jurisdiction of this Court pursuant to 28 U.S.C. §1333.

2. This case is governed by the General Maritime Law of the United States and is supplemented by the laws of the State of South Carolina.

3. Plaintiff brings this action on behalf of the Estate of Juan Antonio Villalobos Hernandez, pursuant to S.C. Code. Ann. § 15-5-5-90 and on behalf of the statutory beneficiaries of Juan Antonio Villalobos Hernandez pursuant to S.C. Code. Ann. § 15-51-10.

4. Plaintiff is a citizen and resident of Berkeley County, South Carolina and is the duly appointed Personal Representative of the Estate of Juan Antonio Villalobos Hernandez. (Exhibit A: Certificate of Appointment)

5. Defendant United States of America, through the United States Navy, owns the cargo ship USNS 1st Lt Jack Lummus (the "Vessel") and is subject to liability pursuant to the Public Vessels Act, 46 U.S.C. §§ 31101 et seq., and the Suits in Admiralty Act, 46 U.S.C. §§ 30901, et. seq.

6. Plaintiff has complied with the notice requirement set forth in 46 U.S.C. § 30101.

7. Defendant Crowley Maritime Corporation is a Delaware corporation with its principal place of business outside of South Carolina, who is licensed to or is actually doing business within this district and whose tortious acts caused Plaintiff's injuries within this district and is subject to this court's jurisdiction.

8. Defendant Crowley Government Services, Inc., (together with Crowley Maritime Corporation, "Crowley") is a Delaware corporation with its principal place of business outside of South Carolina, who is licensed to or is actually doing business within this district and whose tortious acts caused Plaintiff's injuries within this district and is subject to this court's jurisdiction.

9. Defendant Detyens Shipyard, Inc. ("Detyens") is a South Carolina corporation with its principal place of business in Charleston County, South Carolina, licensed to or is

actually doing business within this district and whose tortious acts caused Plaintiff's injuries within this district and is subject to this court's jurisdiction.

10. Defendant HighTrak Staffing, Inc. d/b/a HiTrak Staffing, Inc. ("HiTrak") is a South Carolina corporation with its principal place of business in North Charleston, South Carolina, who is licensed to or is actually doing business within this district and whose tortious acts caused Plaintiff's injuries within this district and is subject to this court's jurisdiction.

**FACTUAL ALLEGATIONS**

11. Plaintiff restates and realleges each and every allegation contained in the above paragraphs.

12. At all relevant times, the United States, as owner of the Vessel, contracted with Crowley to crew, provision, and operate the Vessel.

13. In 2018, Crowley contracted with Detyens to perform certain repairs on the Vessel.

14. Detyens contracted or arranged with HiTrak to supply laborers to perform the repairs required under Detyens's contract with Crowley.

15. HiTrak contracted with Southern Skill Trades, Inc. to provide additional laborers to meet its obligations to Detyens.

16. On April 3, 2019, Mr. Hernandez was then employed by Southern Skill Trades, Inc. and assigned to work as a welder at Detyens Shipyard in North Charleston, South Carolina.

17. On information and belief, Mr. Hernandez was tasked with refurbishing lifeboat davits on the Vessel. This required Mr. Hernandez to grind off rust and damage to the davits and repair any deep gouges to the davits with clad welding.

18. At some point prior to April 3, 2019, the Vessel's lifeboat davit arms were secured in an upright, "stowed" position using a 3/8-inch wire rope.

19. On the morning of April 3, 2019, Mr. Hernandez was either working or preparing to begin work on davit number 6 of the Vessel when the wire rope securing the davit arm failed.

20. Upon information and belief, Defendants and/or agents of Defendants used unsuitable wire rope to secure the lifeboat davit arm on davit number 6 in the stowed position.

21. The wire rope used to secure davit number 6 was improperly rigged around one or more sharp corners of the davit structure without adequate relief or protection of the wire rope.

22. Upon information and belief, Defendants and/or agents of Defendants performed other work on the Vessel prior to April 3, 2019.

23. After the wire rope failed, the 3,640-pound arm of davit number 6 swung down from the "stowed" position to the "swung-out" position, striking Mr. Hernandez and crushing his body against the Vessel's equipment.

24. Nearby co-workers attempted to lift the davit arm to free Mr. Hernandez but were unable to do so. Ultimately, a crane was used to remove the davit arm from Mr. Hernandez's body.

25. Mr. Hernandez survived the impact of the davit arm but suffered throughout the attempts to free his body from underneath the davit.

26. Mr. Hernandez died from his injuries later the same day.

27. At the time of his death, Mr. Hernandez was forty-three-years old. He left behind a wife and two minor children.

## **FIRST CAUSE OF ACTION AGAINST THE UNITED STATES AND CROWLEY**
(Vessel Negligence – 33 U.S.C. § 905(b))

28. Plaintiff restates and realleges each and every allegation contained in the above paragraphs.

29. The United States, as owner of the Vessel, and its agents owed Mr. Hernandez a duty to provide a safe place to work and to warn of latent, unreasonably dangerous conditions on the Vessel.

30. The United States, as owner of the Vessel, and its agents further owed Mr. Hernandez a duty to intervene when made aware that other parties had improvidently allowed unreasonably dangerous conditions to develop during the course of Mr. Hernandez's work on the Vessel.

31. Crowley, as operator of the Vessel, and its agents (together with the United States "the Vessel Defendants") owed Mr. Hernandez a duty to provide a safe place to work and to warn of latent, unreasonably dangerous conditions on the Vessel.

32. Crowley, as operator of the Vessel, and its agents further owed Mr. Hernandez a duty to intervene when made aware that other parties had improvidently allowed unreasonably dangerous conditions to develop during the course of Mr. Hernandez's work on the Vessel.

33. As a direct and proximate result of the Vessel Defendants' negligent, grossly negligent, reckless, willful, and wanton conduct, Mr. Hernandez was crushed by the davit arm and experienced conscious pain and suffering until he ultimately died of his injuries.

34. The injuries and death of Mr. Hernandez were the direct and proximate result of Vessel Defendants' negligence, carelessness, gross negligence, recklessness, and willfulness in violation of duties owed to Mr. Hernandez in the following particulars:

   a. In failing to remove the davit arms from the Vessel before allowing repair work to be performed;
   b. In failing to use appropriate and reasonable structural restrains on the davit arm that crushed Mr. Hernandez's body;
   c. In failing to use reasonable care to inspect and rig the wire ropes used to secure the davit arm that crushed Mr. Hernandez's body;
   d. In selecting and installing the wire rope used to secure the davit arm that crushed Mr. Hernandez's body;
   e. In improperly rigging the wire rope around sharp corners of the davit structure;
   f. In performing other work on the Vessel as will be proven at trial, directly or through their agents, which created dangerous conditions;
   g. In failing to use reasonable care to inspect and discover dangerous conditions on the Vessel;
   h. In failing to warn Mr. Hernandez about the dangerous conditions present on the Vessel;
   i. In negligently hiring or contracting with its employees and agents;
   j. In failing to properly train and supervise employees and agents;
   k. In failing to take steps to eliminate dangerous conditions caused or permitted to develop on the Vessel by other defendants or third-parties; and
   l. In such other particulars as may be shown at the trial of this matter.

35. As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness, willfulness, and departures from the standards of care by the Vessel Defendants and the employees and agents of Vessel Defendants, Mr. Hernandez suffered substantial bodily injury, conscious pain and suffering, and a premature death.

36. As a result of the death of Mr. Hernandez, Mr. Hernandez's beneficiaries and family have suffered pecuniary and economic loss, mental shock and suffering, wounded feelings, grief and sorrow, loss of companionship, deprivation of the use and comfort of Mr. Hernandez's society, and other damages in an amount to be proven at trial.

37. Plaintiff is entitled to prejudgment interest, actual, and punitive damages.

### SECOND CAUSE OF ACTION AGAINST CROWLEY, DETYENS, AND HITRAK
(Negligence)

38. Plaintiff restates and realleges each and every allegation contained in the above paragraphs.

39. Crowley, Detyens, and HiTrak (together, the "Contractor Defendants") failed to exercise reasonable care in arranging, contracting, supervising, preparing, and performing repair work on the Vessel.

40. As a direct and proximate result of the Contractor Defendants' negligent, grossly negligent, reckless, willful, and wanton conduct, Mr. Hernandez was crushed by the davit arm and suffered conscious pain and suffering until he ultimately died of his injuries.

41. The injuries and death of Mr. Hernandez were the direct and proximate result of Contractor Defendants' negligence, carelessness, gross negligence, recklessness, and willfulness in violation of duties owed to Mr. Hernandez in the following particulars:

   a. In failing to remove the davit arms from the Vessel before allowing repair work to be performed;
   b. In failing to use appropriate and reasonable structural restrains on the davit arm that crushed Mr. Hernandez's body;
   c. In failing to use reasonable care to inspect and rig the wire ropes used to secure the davit arm that crushed Mr. Hernandez's body;
   d. In selecting and installing the wire rope used to secure the davit arm that crushed Mr. Hernandez's body;

  e. In improperly rigging the wire rope around sharp corners of the davit structure;

  f. In performing other work on the Vessel as will be proven at trial, directly or through their agents, which created dangerous conditions;

  g. In failing to use reasonable care to inspect and discover dangerous conditions on the Vessel;

  h. In failing to warn Mr. Hernandez about the dangerous conditions present on the Vessel;

  i. In negligently hiring or contracting with its employees and agents;

  j. In failing to properly train and supervise employees and agents;

  k. In failing to take steps to eliminate dangerous conditions caused or permitted to develop on the Vessel by other defendants or third-parties; and

  l. In such other particulars as may be shown at the trial of this matter.

42. As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness, willfulness, and departures from the standards of care by the Contractor Defendants and the employees and agents of Contractor Defendants, Mr. Hernandez suffered substantial bodily injury, conscious pain and suffering, and a premature death.

43. Plaintiff is entitled to prejudgment interest, actual, and punitive damages.

### THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Wrongful Death – S.C. Code § 15-51-10)

44. Plaintiff restates and realleges each and every allegation contained in the above paragraphs.

45. As a direct and proximate result of the acts of the Contractor Defendants, Mr. Hernandez faced a traumatic, and untimely death, depriving his statutory beneficiaries of his comfort, aid, companionship, and love.

46. On behalf of Mr. Hernandez's beneficiaries, Plaintiff is entitled to recover all damages authorized by law, including for pecuniary loss, mental shock and suffering, grief and sorrow, loss of companionship and the deprivation of the use and comfort of Mr. Hernandez's society, in an amount of actual and punitive damages to be determined at the trial of this case.

### FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Survival – S.C. Code § 15-5-90)

47. Plaintiff restates and realleges each and every allegation contained in the above paragraphs.

48. As a direct and proximate cause of the acts of the Contractor Defendants, Mr. Hernandez suffered severe and traumatic injury and conscious pain and suffering prior to his death.

49. Plaintiff is entitled to actual and punitive damages in an amount to be determined at the trial of this case.

### PRAYER FOR RELIEF

**WHEREFORE**, by reason of the foregoing, Plaintiff prays that judgment be rendered for Plaintiff and against Defendants and that Plaintiff be fully compensated and awarded actual and punitive damages, pre-judgment interest at the legal rate through the time of judgment, that all expert fees be taxed as costs, the costs of this action and such other and further relief as the Court deems just and proper.

s/ J. Rutledge Young, III
J. Rutledge Young, III (Fed. Bar No. 7260)
Julie L. Moore (Fed. Bar No. 11138)
Robert L. Wehrman (Fed. Bar No. 13426)
Duffy & Young, LLC
96 Broad Street
Charleston, South Carolina 29401
Telephone: (843) 720-2044
Facsimile: (843) 720-2047
ryoung@duffyandyoung.com
jmoore@duffyandyoung.com
rwehrman@duffyandyoung.com
*Attorneys for Plaintiff*

April 1, 2021
Charleston, South Carolina