IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| TIFFANY N. PROVENCE, as the Personal Representative for the Estate of Juan Antonio Villalobos Hernandez,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, CROWLEY MARITIME CORPORATION, CROWLEY GOVERNMENT SERVICES, INC., DETYENS SHIPYARDS, INC., and HIGHTRAK STAFFING, INC. d/b/a HITRAK STAFFING, INC.<br><br>Defendants. | Civil Action No.: 2:21-CV-965-RMG<br><br>**ANSWER BY DEFENDANTS UNITED STATES OF AMERICA, CROWLEY MARITIME CORPORATION, AND CROWLEY GOVERNMENT SERVICES, INC.**<br><br>**and**<br><br>**CROSS-CLAIMS AGAINST DEFENDANTS DETYENS SHIPYARDS, INC., AND HIGHTRAK STAFFING, INC. D/B/A HITRAK STAFFING, INC.** |

Answering the Plaintiff's Complaint, Defendant United States of America (the "**United States**"), Defendant Crowley Maritime Corporation ("**CMC**"), and Defendant Crowley Government Services, Inc. ("**CGS**"), together (the "**Vessel Defendants**") allege and say as follows:

1. All allegations in the complaint are denied unless specifically admitted herein.

2. The allegations contained in Paragraphs 1 and 2 are conclusions of law for which no response is required.

3. Defendants lack sufficient information or knowledge upon which to base a belief as to the truth of the allegations contained in Paragraphs 3 and 4 of the Complaint and therefore can neither admit nor deny these allegations.

1

4.     Answering the allegations contained in Paragraph 5, Defendant United States of America admits that it is the owner of USNS LUMMUS, MMC-12 (the "**Vessel**"). The remaining allegations contained in Paragraph 5 of the Complaint are legal conclusions for which no response is required.

5.     Defendants lack sufficient information or knowledge upon which to base a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and therefore can neither admit nor deny these allegations.

6.     Answering the allegations contained in Paragraph 7, Defendant CMC admits only that it is a Delaware corporation. The remaining allegations contained in Paragraph 7 are denied.

7.     Answering the allegations contained in Paragraph 8, Defendant CGS admits only that it is a Delaware corporation. The remaining allegations contained in Paragraph 8 are denied.

8.     The allegations of Paragraphs 9 and 10 are directed to parties other than the Vessel Defendants for which no response is required by the Vessel Defendants.

9.     Answering Paragraph 11 of the Complaint, the Vessel Defendants repeat their answers to the above allegations as if set forth herein verbatim.

10.    Answering the allegations contained in Paragraph 12 of the Complaint, the Vessel Defendants admit only that the Defendant United States was the owner of the Vessel and that it contracted with Defendant CGS to perform certain services. The remaining allegations contained in Paragraph 12 are denied.

11.    Answering Paragraph 13 of the Complaint, the Vessel Defendants admit only that Defendant CGS contracted with Detyens to perform certain repairs to the Vessel. The remaining allegations contained in Paragraph 13 are denied.

12. The allegations contained in Paragraphs 14 and 15 are directed to Defendants other than the Vessel Defendants, and the Vessel Defendants are required neither to admit nor deny the same.

13. Defendants admit to the allegations contained in Paragraph 16 of the Complaint upon information and belief.

14. The Vessel Defendants lack information sufficient to form a belief as to the allegations contained in Paragraph 17 of the Complaint and therefore can neither admit nor deny the same.

15. The Vessel Defendants admit the allegations contained in Paragraph 18 of the Complaint, except to note that design and installation of the securing devices for the lifeboat davit arms was performed, approved, and executed by others with no knowledge or participation of the Vessel Defendants.

16. Defendants deny the allegations contained in Paragraph 19 of the Complaint. Further answering the allegations of Paragraph 19, the Vessel Defendants would note that Mr. Hernandez was working or preparing to begin work on Davit No. 5 of the Vessel, located aft on the starboard side.

17. The Vessel Defendants deny the allegations contained in Paragraphs 20 and 21 of the Complaint and further note that the Vessel Defendants did not participate in the design or installation of the davit restraining devices, all of which was performed by others without consultation with the Vessel Defendants.

18. To the extent the allegations contained in Paragraph 22 are directed to the Vessel Defendants, the Vessel Defendants deny the same.

19. Answering the allegations contained in Paragraph 23 of the Complaint, Defendants admit only that the aft arm of the No. 5 Davit struck Mr. Hernandez. The remaining allegations contained in Paragraph 23 of the Complaint are denied.

20. The Vessel Defendants admit the allegations of Paragraph 24 of the Complaint upon information and belief.

21. The Vessel Defendants lack information sufficient to form a belief as to the allegations contained in Paragraph 25 of the Complaint and therefore deny the same.

22. Answering the allegations contained in Paragraph 26 of the Complaint, the Vessel Defendants admit only that Mr. Hernandez died from his injuries. The remaining allegations are denied and Defendants demand strict proof thereof.

23. The Vessel Defendants admit to the allegations contained in Paragraph 27 of the Complaint upon information and belief.

**FIRST CAUSE OF ACTION AGAINST THE UNITED STATES AND CROWLEY**
(Vessel Negligence – 33 U.S.C. § 905(b))

24. Answering Paragraph 28 of the Complaint, the Vessel Defendants repeat their answers to the above allegations as if set forth herein verbatim.

25. The Vessel Defendants deny the allegations contained in Paragraphs 29 through 37, and all subparts thereto, of the Complaint.

**SECOND CAUSE OF ACTION AGAINST CROWLEY, DETYENS, AND HITRAK**
(Negligence)

26. Answering Paragraph 38 of the Complaint, the Vessel Defendants repeat their answers to the above allegations as if set forth herein verbatim.

27. Answering the allegations contained in Paragraph 39 of the Complaint, the Vessel Defendants deny that any Vessel Defendant, including Crowley, could properly be characterized

4

as a "Contractor Defendant" where Defendant CGS was a customer of the shipyard. Further answering the allegations contained in Paragraph 39 of the Complaint, the Vessel Defendants deny the same to the extent any allegations are directed toward them.

28. Answering the allegations contained in Paragraph 40, the Vessel Defendants admit only that Mr. Hernandez was crushed by the aft arm of the No. 5 Davit and died as a result thereof. The Vessel Defendants deny the remaining allegations contained in Paragraph 40 of the Complaint.

29. The Vessel Defendants deny the allegations contained in Paragraphs 41, 42, and 43, and all subparts thereto, of the Complaint.

### THIRD CAUSE OF ACITON AGAINST ALL DEFENDANTS
(Wrongful Death – S.C. Code § 15-51-10)

30. Answering Paragraph 44 of the Complaint, the Vessel Defendants repeat their answers to the above allegations as if set forth herein verbatim.

31. The Vessel Defendants deny the allegations contained in Paragraphs 45 and 46 of the Complaint to the extent they are directed at them.

### FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Survival – S.C. Code § 15-5-90)

32. Answering Paragraph 47 of the Complaint, the Vessel Defendants repeat their answers to the above allegations as if set forth herein verbatim.

33. The Vessel Defendants deny the allegations contained in Paragraphs 48 and 49 of the Complaint to the extent they are directed at them.

34. The remaining Paragraph of the Complaint is a Prayer for Relief to which no response is required. To the extent a response is required, the Vessel Defendants deny Plaintiff's Prayer for Relief.

## AS AFFIRMATIVE DEFENSES

35.     The Vessel Defendants allege that, while they are completely without fault, as a result of Plaintiff's decedent's own negligent, reckless, willful or wanton conduct, any judgment for Plaintiff should be reduced by the comparative portion of Plaintiff's fault, under the General Maritime Law doctrine of pure comparative fault.

36.     The sole and proximate cause of Plaintiff's damages, if any, was the intervening negligence of other parties for which the Vessel Defendants are not liable or responsible.

37.     The Vessel Defendants have breached no duty to the Plaintiff under *Scindia Steam Navigation Co. v. De Los Santos*, 101 S. Ct. 1614 (1981) and its progeny.

38.     Certain other defenses under the Suits in Admiralty Act and the Public Vessels Act limit the waivers of sovereign immunity by the Defendant United States and thereby the Court's jurisdiction to adjudicate Plaintiff's substantive rights as follows:

   a.     Causes of action are extinguished, not merely limited or prescribed, if not brought within two years of accrual, as distinguished from the Jones Act's three years. 46 U.S.C. § 30905.

   b.     The action must be tried non-jury. 46 U.S.C. § 30903(b).

   c.     The United States has sixty days to answer a complaint (*Fed. R. Civ. P*. 12(a)(2)) and sixty days to appeal (*Fed. R. Civ. P*. 4(a)(1)(B)).

   d.     Under the Public Vessels Act, venue must lie where the involved ship is found when suit is filed, if within the United States, or where any plaintiff resides, if the vessel was outside the United States. 46 U.S.C. § 31104.

   e.     The Court lacks subject matter jurisdiction to award punitive damages or penalty wages against the United States.

   f. The Court lacks subject matter jurisdiction to award more than 4 percent simple interest, post-judgment only. 46 U.S.C. § 30911; 46 U.S.C. § 31107; *Blevins v. United States*, 769 F.2d 175 (4th Cir. 1985).

   g. An administrative claim is a jurisdictional prerequisite for suits under the Admiralty Extension Act, 46 U.S.C. § 30101 (which does not extend the two years to sue, so that claim must be made within 18 months of the incident giving rise to the claim), or, if the claim is deemed not to be an admiralty claim, under 28 U.S.C. § 2675(a) of the Federal Tort Claims Act. In either such case, the suit must be dismissed and re-filed after the conclusion of administrative proceedings – it may not be held in abeyance or suspended pending those proceedings.

   h. The Court lacks subject matter jurisdiction to entertain direct actions against agents or insurers, for the same reason that actions must lie against the United States exclusively. 46 U.S.C. § 30904.

   i. The Court lacks subject matter jurisdiction to review, in the guise of tort actions, discretionary functions of the Executive and Legislative Branches of Government, which could include such things as manning levels, ship design, personnel assignments, scheduling, or budgeting. *See, e.g., Baldassaro v. United States*, 64 F3.d 206 (5th Cir. 1995).

39. Defendants reserve the right to interpose additional affirmative defenses based on the results of discovery.

**AS A CROSS-CLAIM AGAINST
DETYENS SHIPYARDS, INC AND HIGHTRAK STAFFING, INC**
(Contractual Indemnity)

40. The Vessel Defendants repeat their answers to the allegations set forth in the preceding paragraphs as if set forth herein verbatim.

41. Defendant Detyens Shipyards, Inc. ("**Detyens**") is, upon information and belief, a South Carolina corporation with its principal place of business in Charleston County, South Carolina.

42. Defendant HighTrak Staffing, Inc. d/b/a/ HiTrak Staffing, Inc. ("**HiTrak**") is, upon information and belief, a supplier of laborers with its principal place of business in North Charleston, South Carolina.

43. At all relevant times hereto, Plaintiff's decedent Mr. Hernandez was an employee, agent and legal representative of Southern Skill Trades, Inc. acting within the course and scope of his employment, as a welder provided by Southern Skill Trades, Inc. ("**Southern**").

44. HiTrak contracted with Southern for Southern to provide additional laborers, including Mr. Hernandez, to meet its obligations to Detyens.

45. Detyens contracted or arranged with HiTrak for HiTrack to supply laborers, including Mr. Hernandez, to perform repairs at Detyens Shipyards, and is responsible for the actions of its contractors, employees, servants, and agents.

46. HiTrak, itself an independent contractor, is responsible for Mr. Hernandez's actions and for the consequences of his actions on or about April 3, 2019.

47. On April 3, 2019, Mr. Hernandez was working on the No. 5 lifeboat davit which is the aft davit on the starboard side.

48.     Specifically, the alleged accident occurred on the starboard lifeboat deck of the Vessel at approximately 0915 hours local time while the Vessel was undergoing extensive, months-long repairs at Detyens Shipyards.

49.     Prior to the incident, Detyens Shipyards personnel had removed all lifeboats from the Vessel and secured all of the davit arms into a stowed, upright position, using securing devices of Detyens' own design, manufacture, and installation, without any consultation, review, or participation from the Vessel Defendants.

50.     In advance of work to be performed on April 3, 2019 by Mr. Hernandez, Detyens Shipyards posted a hot work permit on the bulkhead adjacent to the No. 5 Davit.

51.     The Detyens Shipyards hot work permit was issued for "Burning, Grinding & Welding" and the location of the work is identified as "Lifeboat Davits P/S," indicating all six davits on the port and starboard sides of the Vessel.

52.     Mr. Hernandez stood between the two rails of the aft arm of the No. 5 Lifeboat Davit when that davit arm broke free and crushed him.

53.     No ship's officers or crew witnessed the securing of the Davits by Detyens Shipyard personnel, or the preparation for the work, the work itself, or the accident.

54.     No vessel personnel were involved in any manner with the work from which this accident arose, all of which was performed by Detyens Shipyards personnel or by subcontractors to Detyens Shipyards. Furthermore, no officers or crew of the Vessel witnessed the work or the accident that ensued.

55. The area and work in question was under the exclusive control of the shipyard. The work was performed and supervised solely by shipyard personnel without any operational involvement by any officers or crew of the Vessel Defendants.[1]

56. Repair and drydock of the Vessel, and related liabilities and indemnities for same, are governed by the terms of that certain BIMCO STANDARD SHIP REPAIR CONTRACT (the "**Repair Contract**") entered into by Crowley Government Services, Inc. ("**CGS**") on behalf of the United States as Owners of the Vessel, and Detyens, as repair contractor, on or about September 5, 2018. A copy of the Repair Contract is attached hereto as **Exhibit A**.

57. The Repair Contract defines "Owners" as the Defendant United States and "Owners Representative(s)" as Defendant CGS. (**Exhibit A** at Part. II, Paragraph 1 – Definitions).

58. The Repair Contract defines "Contractors" as Defendant Detyens and "Contractors' Yard" as Detyens Shipyard. (**Exhibit A** at Part. II, Paragraph 1 – Definitions).

59. The Repair Contract defines "Sub-Contractors" all persons engaged by the Contractors to do work, supply materials or equipment or provide accommodation or services in connection with the Works, such as HiTrak. (**Exhibit A** at Part. II, Paragraph 1 – Definitions).

60. Paragraph 6(b)(ii)(1) of the Repair Contract provides, "The Contractor hereby indemnifies and hold harmless the Owner and its agencies and instrumentalities, the Vessel, and the Owners Representative(s), against all suits, actions, claims, costs or demands including, without limitation, suits, actions, claims, costs, or demands resulting from death, personal injury, and property damage arising out of or in any way related to or resulting in whole or in part from

---

[1] In this regard, because this accident was not a shipboard operational matter, OSHA took the lead investigation role with the U.S. Coast Guard's involvement being subordinate. As such, the U.S. Government authorities determined this was a shore-side industrial accident under the purview of OSHA, rather than a shipboard operational accident, the investigation of which would have been led by the Coast Guard.

10

the fault, negligence, wrongful act, or wrongful omission of the Contractor, his or their servants, agents, or employees."

61. Paragraph 6(b)(ii)(2) of the Repair Contract provides, "Notwithstanding anything else contained in this Contract, CGS shall not be responsible for loss of, damage to, or any liability arising out of personal injury or death of any Contractors' employee, Sub-Contractor or damage to or loss of any property owned by any employee or Sub-Contractor arising out of or in any way connected with the performance of this Contract even if such loss, damage, liability, injury, or death is caused wholly or partially by the act, neglect or default of CGS, its agents or employees and even if such loss, damage, liability, injury or death is caused wholly or partially by the unseaworthiness of any vessel. The Contractors shall indemnify, protect, defend and hold harmless CGS from an against any and all claims, cost, expenses, actions, proceedings, suits, judgments, liens, demands and liabilities whatsoever arising out of or in connection with such loss, damage, personal injury or death. If any statutory provision or other operation of law prohibits enforcement of this indemnity, it shall be valid to the extent it has not been void."

62. Thus, if any of the Plaintiff's allegations regarding negligence, carelessness, gross negligence, recklessness, or willfulness in violation of alleged duties owed to Mr. Hernandez, or any subsequently alleged claims, are proven to be true, all of which are expressly denied, and if any Vessel Defendant is found liable for any damage sustained by the Plaintiff or other parties for the acts or omissions alleged in the Complaint or in any amendments thereto, then the Vessel Defendants are entitled to be indemnified and held harmless by Defendants Detyens Shipyard Inc. and HighTrak Staffing Inc. for any amounts for which any Vessel Defendant may be held liable to the Plaintiff, under the express terms of the Repair Contract. This indemnity owed to the Vessel

Defendants expressly includes the costs and attorneys' fees that the Vessel Defendants incur in connection with this litigation.

### AS A SECOND CROSS-CLAIM AGAINST DETYENS SHIPYARDS, INC AND HIGHTRAK STAFFING, INC
**(Negligence)**

63. The Vessel Defendants repeat their answers to the allegations set forth in the preceding paragraphs as if set forth herein verbatim.

64. In anticipation of repair work to be done on the Vessel, Defendant CGS entered into the Repair Contract on behalf of itself and the United States with the Defendant Detyens Shipyards, Inc.

65. The Defendant Detyens Shipyards, Inc. owed a duty to the Vessel Defendants to perform and complete its work in accordance with any and all applicable safety laws, regulations, and industry standards.

66. Plaintiff has now alleged that the Defendants allowed unreasonably dangerous conditions to develop during the course of Mr. Hernandez's work on the Vessel.

67. To the extent those allegations are directed toward them, the Vessel Defendants deny the same.

68. However, to the extent any Vessel Defendant may be held liable to the Plaintiff, the same is a direct and proximate result of the negligence of the Defendant Detyens Shipyards, Inc. and its subcontractor, Defendant Hightrak Staffing, Inc.

69. To the extent any Vessel Defendant is held liable to the Plaintiff as a result of said negligence, all of which is expressly denied, the Vessel Defendants have incurred, and will continue to incur, damages, including attorneys' fees and costs required to defend against Plaintiff's claims and to prosecute these cross-claims, and are entitled to judgment against the

Defendant Detyens Shipyard, Inc. and its subcontractor, Defendant Hightrak Staffing, Inc., for these amounts.

**WHEREFORE**, having fully answered the Plaintiff's Complaint, and having asserted its Cross-claims against Defendants Detyens Shipyard, Inc. and Hightrak Staffing, Inc., the United States of America, Crowley Maritime Corporation, and Crowley Government Services, Inc. respectfully request the Court to issue an Order dismissing the Plaintiff's claims against them with prejudice, and awarding them judgment on their cross-claims against Defendants Detyens Shipyards, Inc. and Hightrak Staffing, Inc., and awarding the United States, Crowley Maritime Corporation, and Crowley Government Services, Inc. their costs and attorneys' fees incurred in connection with this litigation, plus such further relief as the Court deems just and proper.

[*signature page follows*]

|  | Respectfully submitted,<br><br>M. RHETT DEHART<br>Acting United States Attorney<br><br>WILLIAM JORDAN<br>Assistant U.S. Attorney<br><br>MICHELLE DELEMARRE<br>Senior Admiralty Counsel<br>U.S. Department of Justice<br>Civil Division, Torts Branch<br>Aviation & Admiralty Litigation<br>P.O. Box 14271<br>Washington, D.C. 20044-4271<br>(202) 598-0285 (cell phone)<br>(202) 616-4037 (office)<br>(202) 616-4159 (fax)<br>Michelle.delemarre@usdoj.gov<br><br>*Attorneys for the United States*<br><br>By: /s/ Ryan Gilsenan<br>Ryan Gilsenan, Fed I.D. No. 9837<br>Julius H. Hines, Fed. I.D. No. 5807<br>Edward N. Smith, Fed I.D. No. 13429<br>1535 Hobby Street, Suite 203-D<br>Charleston Navy Yard<br>North Charleston, SC 29405<br>T: 843.266.7577<br>gilsenan@hinesandgilsenan.com<br>hines@hinesandgilsenan.com<br>smith@hinesandgilsenan.com<br><br>*Counsel for the Defendants United States of America, Crowley Maritime Corporation, and Crowley Government Services, Inc.* |
|---|---|