IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| TIFFANY N. PROVENCE, as the Personal Representative of the Estate of Juan Antonia Villalobos Hernandez,<br><br>Plaintiff,<br><br>vs<br><br>UNITED STATES OF AMERICA, CROWLEY MARITIME CORPORATION, CROWLEY GOVERNMENT SERVICES, INC., DETYENS SHIPYARDS, INC., and HIGHTRAK STAFFING, INC. d/b/a HITRAK STAFFING, INC.<br><br>Defendants. | C/A No. 2:21-cv-00965-RMG<br><br>**ANSWER OF DEFENDANTS DETYENS SHIPYARDS, INC. AND HIGHTRAK STAFFING, INC. d/b/a HITRAK STAFFING, INC. TO PLAINTIFF'S COMPLAINT** |

The Defendants Detyens Shipyards, Inc. and HighTrak Staffing, Inc. d/b/a HiTrak Staffing, Inc. (hereinafter "these Defendants"), reserving all rights and defenses, answer the Plaintiff's Complaint as follows:

1. These Defendants deny all allegations not specifically admitted herein.

## AS TO PARTIES, JURISDICTION AND VENUE

2. The allegations contained in Paragraphs 1 and 2 of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is deemed necessary, upon information and belief, these Defendants are without sufficient information or knowledge at this time to form a belief as to the truth of the allegations contained in Paragraphs 1 and 2 of Plaintiff's Complaint and, therefore, these Defendants deny the allegations contained in Paragraphs 1 and 2 of the Complaint.

3.     The allegations contained in Paragraphs 3 and 4 of Plaintiff's Complaint are not directed at these Defendants and state conclusions of law; therefore, no response is required. To the extent a response is deemed necessary, these Defendants are without sufficient information or knowledge at this time to form a belief as to the truth of the allegations contained in Paragraphs 3 and 4 of Plaintiff's Complaint; therefore, these Defendants deny the allegations contained in Paragraphs 3 and 4 of Plaintiff's Complaint.

4.     These Defendants are without sufficient information or knowledge at this time to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint; therefore, these Defendants deny the allegations contained in Paragraph 5 of Plaintiff's Complaint.

5.     The allegations contained in Paragraph 6 of Plaintiff's Complaint are not directed at these Defendants and state conclusions of law; therefore, no response is required. To the extent a response is deemed necessary, these Defendants are without sufficient information or knowledge at this time to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint; therefore, these Defendants deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

6.     These Defendants are without sufficient information or knowledge at this time to form a belief as to the truth of the allegations contained in Paragraphs 7 and 8 of Plaintiff's Complaint; therefore, these Defendants deny the allegations contained in Paragraphs 7 and 8 of Plaintiff's Complaint.

7.     In response to the allegations contained in Paragraph 9 of Plaintiff's Complaint, these Defendants admit only that Defendant Detyens Shipyards, Inc. is a South Carolina corporation. These Defendants deny, as written, the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

2

8.  In response to the allegations contained in Paragraph 10 of Plaintiff's Complaint, these Defendants admit only that Defendant HighTrak Staffing, Inc. d/b/a Hitrak Staffing, Inc. is a South Carolina corporation. These Defendants deny, as written, the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

## AS TO FACTUAL ALLEGATIONS

9.  In response to the allegations contained in Paragraph 11 of Plaintiff's Complaint, these Defendants incorporate the above paragraphs as if fully restated verbatim herein.

10. These Defendants are without sufficient information or knowledge at this time to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint; therefore, these Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

11. These Defendants deny, as written, the allegations contained in Paragraph 13 of Plaintiff's Complaint.

12. In response to the allegations contained in Paragraph 14 of Plaintiff's Complaint, these Defendants admit only that Detyens contracted with HiTrak. To the extent the allegations contained in Paragraph 14 of Plaintiff's Complaint seek to quote, paraphrase or characterize the contents of written documents, the documents speak for themselves and these Defendants deny the allegations to the extent they contradict those documents. These Defendants deny, as written, all remaining allegations in Paragraph 14 of the Complaint.

13. In response to the allegations contained in Paragraph 15 of Plaintiff's Complaint, these Defendants admit only that HiTrak contracted with Southern Skill Trades, Inc. To the extent the allegations contained in Paragraph 15 of Plaintiff's Complaint seek to quote, paraphrase or characterize the contents of written documents, the documents speak for themselves and these

Defendants deny the allegations to the extent they contradict those documents. These Defendants deny, as written, all remaining allegations in Paragraph 15 of the Complaint.

14. The allegations contained in Paragraph 16 of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is deemed necessary, these Defendants deny, as written, the allegations contained in Paragraph 16 of Plaintiff's Complaint.

15. These Defendants are without sufficient information or knowledge at this time to form a belief as to the truth of the allegations contained in Paragraphs 17, 18, and 19 of Plaintiff's Complaint; therefore, these Defendants deny the allegations contained in Paragraph 17, 18, and 19 of Plaintiff's Complaint.

16. These Defendants deny the allegations contained in Paragraphs 20 and 21 of Plaintiff's Complaint.

17. These Defendants deny, as written, the allegations contained in Paragraph 22 of Plaintiff's Complaint.

18. In response to the allegations contained in Paragraph 23 of Plaintiff's Complaint, these Defendants admit only that, upon information and belief, a davit arm struck Mr. Hernandez.

19. These Defendants admit the allegations contained in Paragraph 24 of Plaintiff's Complaint.

20. These Defendants are without sufficient information or knowledge at this time to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint; therefore, these Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

21. In response to the allegations contained in Paragraph 26 of Plaintiff's Complaint, these Defendants admit only that Mr. Hernandez died from his injuries. These Defendants deny all remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

22. These Defendants are without sufficient information or knowledge at this time to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint.

## AS TO THE ALLEGED FIRST CAUSE OF ACTION
## AGAINST THE UNITED STATES AND CROWLEY
**(Vessel Negligence – 33 U.S.C. § 905(b))**

23. In response to the allegations contained in Paragraph 28 of Plaintiff's Complaint, these Defendants incorporate the above paragraphs as if fully restated verbatim herein.

24. The allegations contained in Paragraphs 29, 30, 31, 32, 33, 34 (including subparts (a) through (l)), 35, 36, and 37 of Plaintiff's Complaint are not directed at these Defendants and state conclusions of law; therefore, no response is required. To the extent a response is deemed necessary, these Defendants deny the allegations contained in Paragraphs 29, 30, 31, 32, 33, 34 (including subparts (a) through (l)), 35, 36, and 37 of Plaintiff's Complaint.

## AS TO THE ALLEGED SECOND CAUSE OF ACTION
## AGAINST CROWLEY, DETYENS, AND HITRAK
**(Negligence)**

25. In response to the allegations contained in Paragraph 38 of Plaintiff's Complaint, these Defendants incorporate the above paragraphs as if fully restated verbatim herein.

26. These Defendants deny the allegations contained in Paragraphs 39, 40, 41 (including subparts (a) through (l)), 42 and 43 of Plaintiff's Complaint.

5

## AS TO THE ALLEGED THIRD CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
**(Wrongful Death – S.C. Code § 15-51-10)**

27. In response to the allegations contained in Paragraph 44 of Plaintiff's Complaint, these Defendants incorporate the above paragraphs as if fully restated verbatim herein.

28. These Defendants deny the allegations contained in Paragraphs 45 and 46 of the Plaintiff's Complaint.

## AS TO THE ALLEGED FOURTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
**(Survival – S.C. Code § 15-5-90)**

29. In response to the allegations contained in Paragraph 47 of Plaintiff's Complaint, these Defendants incorporate the above paragraphs as if fully restated verbatim herein.

30. These Defendants deny the allegations contained in Paragraphs 48 and 49 of the Plaintiff's Complaint.

## AS TO THE PRAYER FOR RELIEF

31. These Defendants deny the allegations contained in the WHEREFORE Paragraph of the Plaintiff's Complaint, such being the remaining allegations contained in Plaintiff's Complaint.

## FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
## THESE DEFENDANTS ALLEGE:
**(No Causation)**

32. That even if these Defendants were negligent, which is specifically denied, the negligence of these Defendants was not the direct or proximate cause of any injury alleged by Plaintiff and therefore these Defendants are not liable for any damages allegedly sustained by Plaintiff.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THESE DEFENDANTS ALLEGE:**
(**Borrowed Servant Doctrine**)

33.  That Plaintiff's Complaint is barred as to these Defendants by the exclusivity provisions of 33 U.S.C. § 905(a) and/or 33 U.S.C. § 933 (i) and the "Borrowed Servant" doctrine (a/k/a the "fellow servant" doctrine), or that these Defendants areotherwise immune from suit based upon the aforesaid Federal statute.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THESE DEFENDANTS ALLEGE:**
(**Exclusivity of Remedy**)

34.  That at all times material hereto, the Decedent was acting in the course and scope of his employment with Defendant Detyens Shipyards, Inc., since he was a borrowed servant from temporary labor agencies, Defendant Hightrack Staffing, Inc. d/b/a HiTrack Staffing, Inc. and/or Southern Skill Trades, Inc., pursuant to contractual agreement through which the temporary labor agency or agencies merely supplied the workforce to Defendant Detyens Shipyards, Inc., which served as the de facto "borrowing employer" of the Decedent. Defendant Detyens Shipyards, Inc. furthermore affirmatively alleges that a Federal Longshore and Harbor Workers Compensation Carrier of one of the aforementioned temporary labor agencies paid Federal Longshore and Harbor Workers act ("LHWCA") worker's compensation indemnity/wage loss and/or medical benefits to the Decedent and/or his Estate, since the date of the incident on April 3, 2019, and as a result, Plaintiff's exclusive remedy against Defendant Detyens Shipyards, Inc. lies in the form of said Federal LHWCA compensation benefits, and Defendant Detyens Shipyards, Inc. is immune from suit herein pursuant to 33 U.S.C. § 905(a), and/or 33 U.S.C. § 933(I).

2:21-cv-00965-RMG     Date Filed 06/04/21    Entry Number 16     Page 8 of 10

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE:
### (Setoff)

35. That any recovery by the Plaintiff must be reduced or offset by amounts the Plaintiff has received or will recover from others for the same injuries and/or damages claimed in this lawsuit.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE:
### (Sole Negligence)

36. Plaintiff's injuries and the damages resulting therefrom were caused by Plaintiff's negligence, lack of care, and other fault.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE:
### (Intervening/Superseding Cause)

37. Whatever injuries and damages, if any, may have been sustained by Plaintiff, they were due to superseding and/or intervening cause beyond the control of these Defendants.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE:
### (Comparative Fault)

38. Plaintiff's damages, if any, must be reduced by the proportion that the negligence or culpable conduct attributable to Plaintiff bears to the negligence or culpable conduct of others.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE:
### (No Duty Owed)

39. That these Defendants are informed, believe, and thereon allege, the Complaint, and each cause of action therein, is barred because these Defendants did not owe any duty to the Plaintiff.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THESE DEFENDANTS ALLEGE:**
(**Open and Obvious Danger**)

40. That the perils and dangers existing at the time of the incident, if any, were open and obvious to the Decedent, who nevertheless conducted himself in such a manner as to voluntarily assume all risks knowing the open and obvious dangers inherent in such activities.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THESE DEFENDANTS ALLEGE:**
(**No Notice**)

41. That these Defendants were neither on actual notice nor constructive notice of any allegedly dangerous condition(s), hazard(s), defect(s), or flaw(s) regarding the davit arm, or other part of the vessel, which the Decedent was allegedly injured by, and therefore these Defendants cannot be held liable to Plaintiff under any state or federal law.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE
THESE DEFENDANTS ALLEGE:**
(**Punitive Damages Unconstitutional**)

42. That any award or assessment of punitive damages to the extent being prayed for by Plaintiff would violate these Defendants' constitutional rights under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and comparable provisions of the South Carolina Constitution.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THESE DEFENDANTS ALLEGE:**
(**Damages – Statutory Caps**)

43. That these Defendant plead all applicable caps on punitive damages, including but not limited to, the caps described in S.C. Code § 15-32-530, *et seq.*, as amended.

9

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THESE DEFENDANTS ALLEGE:**
(Reservation and Non-Waiver)

44. These Defendants reserve any additional and further defenses as may be revealed by additional information during the course of discovery and investigation, and as is consistent with the Federal Rules of Civil Procedure.

WHEREFORE, having fully answered Plaintiff's Complaint, subject to any and all motions, qualifications, or other pleadings, and having asserted these affirmative defenses, these Defendants pray that Plaintiff's Complaint be dismissed with prejudice and that these Defendants be awarded costs and attorney fees for defending this matter together or with such other relief which the Court deems proper.

HOOD LAW FIRM, LLC
172 Meeting Street
Post Office Box 1508
Charleston, SC  29402
Phone: (843) 577-4435
Facsimile: (843) 722-1630

**s/ James B. Hood**

James B. Hood (9130)
james.hood@hoodlaw.com
James W. Clement (12720)
jim.clement@hoodlaw.com

*Attorneys for Detyens Shipyards, Inc. and
Hightrack Staffing, Inc. d/b/a HiTrak Staffing, Inc.*

**June 4, 2021**
Charleston, South Carolina