IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| TIFFANY N. PROVENCE, as the Personal Representative of the Estate of Juan Antonia Villalobos Hernandez,<br><br>Plaintiff,<br><br>vs<br><br>UNITED STATES OF AMERICA, CROWLEY MARITIME CORPORATION, CROWLEY GOVERNMENT SERVICES, INC., DETYENS SHIPYARDS, INC., and HIGHTRAK STAFFING, INC. d/b/a HITRAK STAFFING, INC.<br><br>Defendants. | C/A No. 2:21-cv-00965-RMG<br><br>**DEFENDANTS DETYENS SHIPYARDS, INC. AND HIGHTRAK STAFFING, INC. d/b/a HITRAK STAFFING, INC.'S ANSWER TO THE CROSS-CLAIMS OF UNITED STATES OF AMERICA, CROWLEY MARITIME CORPORATION, AND CROWLEY GOVERNMENT SERVICES, INC.** |

The Defendants, Detyens Shipyards, Inc. and HighTrak Staffing, Inc. d/b/a HiTrak Staffing, Inc. (hereinafter "these Defendants"), by and through their undersigned counsel, respond to the Answer by Defendants United States of America, Crowley Maritime Corporation, and Crowley Government Services, Inc.'s (the "Vessel Defendants") and Cross-Claims, subject to any and all affirmative defenses, qualifications, motions, and any other pleadings, by answering as follows:

1.      These Defendants deny each and every allegation of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims that is not specifically admitted herein.

2.      The allegations contained in Paragraphs 1 through 39 of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims are not directed towards these Defendants; therefore, no response is required from these Defendants.

## ANSWERING THE VESSEL DEFENDANTS' FIRST CROSS-CLAIM AGAINST DETYENS SHIPYARDS, INC. AND HIGHTRAK STAFFING, INC.
### (Contractual Indemnity)

3.     In response to the allegations contained in Paragraph 40 of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims, these Defendants incorporate the above paragraphs as if fully restated verbatim herein.

4.     The allegations contained in Paragraph 41 of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims state conclusions of law and, therefore, no response is required. To the extent a response is deemed necessary, these Defendants admit only that Detyens Shipyards, Inc. is a South Carolina corporation. All remaining allegations contained in Paragraph 41 of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims are denied as written.

5.     The allegations contained in Paragraph 42 of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims state conclusions of law and, therefore, no response is required. To the extent a response is deemed necessary, these Defendants admit only that HighTrak Staffing, Inc. supplies labor. All remaining allegations contained in Paragraph 42 of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims are denied as written.

6.     The allegations contained in Paragraph 43 of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims state conclusions of law and, therefore, no response is required. To the extent a response is deemed necessary, these Defendants deny, as written, the allegations contained in Paragraph 43 of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims.

7.     In response to the allegations contained in Paragraph 44 of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims, these Defendants admit only that HiTrak

contracted with Southern for laborers, including Mr. Hernandez, whom it lent to Detyens. These Defendants deny, as written, all remaining allegations contained in Paragraph 44 of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims and state that to the extent they seek to quote, paraphrase or characterize the contents of written documents, the documents speak for themselves.

8. The allegations contained in Paragraph 45 of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims state conclusions of law to which no response is required. To the extent a response is deemed necessary, in response to the allegations contained in Paragraph 45 of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims, these Defendants admit only that Detyens contracted or arranged with HiTrak for HiTrak to supply laborers, including Mr. Hernandez, to perform repairs at Detyens Shipyards. These Defendants deny, as written, all remaining allegations contained in Paragraph 45 of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims.

9. The allegations contained in Paragraph 46 of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims state conclusions of law to which no response is required. To the extent a response is deemed necessary, these Defendants deny the allegations contained in Paragraph 46 of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims.

10. These Defendants are without sufficient information or knowledge at this time to form a belief as to the truth of the allegations contained in Paragraphs 47, 48, 49 and 50 of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims; therefore, the allegations contained in Paragraphs 47, 48, 49 and 50 of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims are denied, as written, at this time.

11. In response to the allegations contained in Paragraph 51 of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims, these Defendants admit only that a hot work permit was issued. To the extent the allegations contained in Paragraph 51 of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims seek to quote, paraphrase or characterize the contents of the permit, these Defendants state that the permit speaks for itself and deny the allegations to the extent they contradict the permit.

12. These Defendants are without sufficient information or knowledge at this time to form a belief as to the truth of the allegations contained in Paragraphs 52, 53, 54 and 55 of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims and therefore deny the same.

13. The allegations contained in Paragraph 56 of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims state conclusions of law to which no response is required. To the extent a response is deemed necessary, these Defendants crave reference to referenced contract and deny the allegations to the extent they contradict the same.

14. In response to Paragraphs 57, 58, 59, 60 and 61 of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims, which seek to quote, paraphrase or characterize the contents of the "repair contract," these Defendants deny the allegations to the extent they contradict the repair contract, which speaks for itself.

15. The allegations contained in Paragraph 62 of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims state conclusions of law to which no response is required. To the extent a response is deemed necessary, these Defendants deny the allegations contained in Paragraph 62 of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims.

### ANSWERING THE VESSEL DEFENDANTS' SECOND CROSS-CLAIM AGAINST DETYENS SHIPYARDS, INC. AND HIGHTRAK STAFFING, INC.
**(Negligence)**

16. In response to the allegations contained in Paragraph 63 of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims, these Defendants incorporate the above paragraphs as if fully restated verbatim herein.

17. These Defendants are without sufficient information or knowledge at this time to form a belief as to the truth of the allegations contained in Paragraph 64 of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims and therefore deny the same.

18. The allegations contained in Paragraph 65 of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims state conclusions of law to which no response is required. To the extent a response is deemed necessary, these Defendants deny, as written, the allegations contained in Paragraph 65 of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims.

19. The allegations contained in Paragraph 66 of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims are not directed at these Defendants and, therefore, no response is required. To the extent a response is deemed necessary, these Defendants deny the allegations contained in Paragraph 66 of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims to the extent they contradict the Plaintiff's Complaint, which the allegations seek to quote, paraphrase or characterize.

20. The allegations contained in Paragraph 67 of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims are not directed at these Defendants and, therefore, no response is required.

21. These Defendants deny the allegations contained in Paragraphs 68 and 69, as well as the WHEREFORE Paragraph, of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims, such being the remaining allegations of the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THESE DEFENDANTS ALLEGE:
(No Duty Owed)**

22. That these Defendants are informed, believe, and thereon allege, the Vessel Defendants' cross-claims are barred because these Defendants did not owe any duty to the Vessel Defendants.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THESE DEFENDANTS ALLEGE:
(Sole Negligence)**

23. The Vessel Defendants' injuries and the damages resulting therefrom, if any, were caused by their own negligence, lack of care, and other fault.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THESE DEFENDANTS ALLEGE:
(Comparative Negligence)**

24. That any injuries received by Plaintiff, as alleged in the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims, if any, were due to and caused by and were the direct and proximate result of acts of negligence on the part of Plaintiff, the Vessel Defendants, and/or a third party, over which these Defendants had no control, so as to bar the claims of the Vessel Defendants against these Defendants.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THESE DEFENDANTS ALLEGE:
(No Causation)**

25. That even if these Defendants were negligent, which is specifically denied, the negligence of these Defendants was not the direct or proximate cause of any injury alleged by the

Vessel Defendants and therefore these Defendants are not liable for any damages allegedly sustained by the Vessel Defendants.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE:
### (No Proximate Cause)

26.     That, even if these Defendants were negligent, which is specifically denied, the negligence of these Defendants were not the direct or proximate cause of any injury or damages alleged by the Vessel Defendants; therefore, these Defendants are not liable for any damages allegedly sustained by the Vessel Defendants.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE:
### (Intervening/Superseding Causes)

27.     Whatever injuries and damages, if any, may have been sustained by the Vessel Defendants, they were due to superseding and/or intervening causes beyond the control of these Defendants.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE:
### (Reservation and Non-Waiver)

28.     These Defendants reserve any additional and further defenses as may be revealed by additional information during the course of discovery and investigation, and as are consistent with the Federal Rules of Civil Procedure.

WHEREFORE, having fully answered the Vessel Defendants' Answer to Plaintiff's Complaint and Cross-Claims, subject to any and all motions, qualifications, or other pleadings, and having asserted these affirmative defenses against the Vessel Defendants., these Defendants pray that the Vessel Defendants Cross-Claims against these Defendants be dismissed with prejudice and that these Defendants be awarded a judgment against the Vessel Defendants on the

claims asserted herein, as well as costs and disbursements for the defense of this action, and for such other and further relief which the Court deems just and proper.

          HOOD LAW FIRM, LLC
          172 Meeting Street
          Post Office Box 1508
          Charleston, SC  29402
          Phone: (843) 577-4435
          Facsimile: (843) 722-1630

          **s/ James B. Hood**
          James B. Hood (9130)
          james.hood@hoodlaw.com
          James W. Clement (12720)
          jim.clement@hoodlaw.com

          *Attorneys for Detyens Shipyards, Inc. and Hightrak Staffing, Inc. d/b/a HiTrak Staffing, Inc.*

**June 11, 2021**
Charleston, South Carolina