UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | | |
|---|---|---|
| Tiffany N. Provence, as the Personal Representative of the Estate of Juan Antonio Villalobos Hernandez, | ) ) ) ) | C/A No. 2:21-cv-865-RMG |
| Plaintiff, | ) ) ) ) ) ) ) ) ) ) ) ) | **DEFENDANTS DETYENS SHIPYARDS, INC. AND HIGHTRAK STAFFING, INC. D/B/A HITRAK STAFFING, INC.'S ANSWERS TO LOCAL CIVIL RULE 26.03 DISCLOSURES** |
| Versus | | |
| United States of America, Crowley Maritime Corporation, Crowley Government Services, Inc., Detyens Shipyards, Inc., and Hightrak Staffing, Inc. d/b/a HiTrak Staffing, Inc., | | |
| Defendants. | | |

Pursuant to Rule 26.03 of the Local Civil Rules for the United States District Court, District of South Carolina, the Defendants Detyens Shipyards, Inc. and HighTrak Staffing, Inc. d/b/a HiTrak Staffing, Inc. (hereinafter "these Defendants"), through their undersigned attorneys, provide the answers to Local Civil Rule 26.03 Disclosures as follows:

(1)     A short statement of the facts of the case.

**ANSWER:  This lawsuit involves general maritime negligence, survival and wrongful death claims filed on April 1, 2021 in the United States District Court, District of South Carolina, Charleston Division.  Plaintiff generally asserts that her alleged damages and losses attributable to this case are a result of the alleged negligence of the Defendants in allowing an unreasonably dangerous condition to develop onboard the USNS LUMMUS resulting in the death of a welder, Juan Antonio Villalobos Hernandez, who was performing repairs on the vessel.**

(2)   The names of fact witnesses likely to be called by this Defendant and a brief summary of their expected testimony.

**ANSWER:**   These Defendants have not determined the exact name and number of fact witnesses they will call in this matter.  Subject to the reservation of rights to supplement this disclosure, these Defendants identify the following likely witnesses:

a. **Tiffany N. Provence**: As the Personal Representative of the Estate of Juan Antonio Villalobos Hernandez, Ms. Tiffany N. Provence is the Plaintiff and is expected to testify as to the facts and circumstances surrounding the alleged incident, as well as the claimed damages.

b. **Hubert L. Lynch**: Mr. Lynch may testify as to the facts and circumstances surrounding the alleged incident.

c. **Tireashia Miller**: Ms. Miller may testify as to the facts and circumstances surrounding the alleged incident.

d. **Franklin Thomas, Jr.**: Mr. Thomas may testify as to the facts and circumstances surrounding the alleged incident.

e. **Darrell Prater**: Mr. Prater may testify as to the facts and circumstances surrounding the alleged incident.

f. **Renzo Fasce**: Mr. Fasce may testify as to the facts and circumstances surrounding the alleged incident.

g. **Ashlee Miller**: Ms. Miller may testify as to the facts and circumstances surrounding the alleged incident.

h. **Patrick Smith**: Mr. Smith may testify as to the facts and circumstances surrounding the alleged incident.

i. **Jose R. Guilarte Ruiz-Labrandera**: Mr. Ruiz-Labrandera may testify as to the facts and circumstances surrounding the alleged incident.

j. **Wayne Matababas**: Mr. Matababas may testify as to the facts and circumstances surrounding the alleged incident.

k. **Thomas Wesley Mooney**: Mr. Mooney may testify as to the facts and circumstances surrounding the alleged incident.

l. **James Justin Lyles**: Mr. Lyles may testify as to the facts and circumstances surrounding the alleged incident.

  m. **Ricky Desjardins**: Mr. Desjardins may testify as to the facts and circumstances surrounding the alleged incident.

  n. **Wm. Michael Marshall**: Mr. Marshall may testify as to the facts and circumstances surrounding the alleged incident.

  o. **Unidentified Representatives of the United States**: Individuals and/or employees of the United States that were present on USNS LUMMUS, yet to be identified, are expected to testify as to the facts and circumstances surrounding the alleged incident.

  p. **Unidentified Representatives of Crowley Maritime Corporation and/or Crowley Government Services, Inc.**: Individuals and/or employees affiliated with Crowley Maritime Corporation and/or Crowley Government Services, Inc., yet to be identified, are expected to testify as to the facts and circumstances surrounding the alleged incident.

(3) The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**ANSWER:** **These Defendants have not retained an expert witness at this time. Should these Defendants determine to offer expert testimony, it will likely be in the fields of materials science, including metallurgy, and engineering.**

(4) A summary of the claims or defenses with statutory and/or case citations supporting the same.

**ANSWER:** **In response to Plaintiff's claims, these Defendants deny that any acts or omissions of these Defendants or agents of these Defendants constituted negligence or were the proximate cause of Plaintiff's alleged damages. In furtherance of their defense, these Defendants rely on the following affirmative defenses:**

  a. **No Proximate Cause. Chisolm v. UHC Projects, Inc., 205 F.3d 731 (4th Cir. 2000).**

  b. **Intervening/Superseding Cause. Vollmar v. O.C. Seacrets, Inc., 831 F. Supp. 2d 862 (D. Md. 2011).**

    c. Comparative Fault/Sole Negligence. <u>Evergreen Int'l, S.A. v. Norfolk Dredging Co.</u>, 531 F.3d 302, 308 (4th Cir. 2008)

    d. Open and Obvious Danger. <u>McMellon v. United States</u>, 338 F.3d 287, 301 (4th Cir. 2003)

    e. No notice. <u>Keefe v. Bahama Cruise Line, Inc.</u>, 867 F.2d 1318, 1322 (11th Cir. 1989).

    f. No Duty Owed. <u>McMellon v. United States</u>, 338 F.3d 287, 301 (4th Cir. 2003)

    g. Punitive Damages Unconstitutional. <u>Atkinson v. Orkin Exterminating Co., Inc.</u>, 361 S.C. 156, 604 S.E.2d 385 (2004); <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 559, 116 S.Ct. 1589 (1996).

    h. All Statutory Caps on Damages, including under S.C. Code § 15-32-530 <u>et seq.</u>

    i. Borrowed Servant Doctrine/Exclusivity of Remedy. <u>White v. Bethlehem Steel Corp.</u>, 222 F.3d 146 (4th Cir. 2000)

    j. Reservation and Non-Waiver. These Defendants reserve any and all further defenses as may be revealed by additional information during the course of discovery investigation, and as is consistent with the Federal Rules of Civil Procedure, including the right to name third party defendants.

These Defendants reserve the right to supplement this response as discovery progresses and use all applicable case law as its application becomes known to it.

(5) Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in local Civil Rule 16.02:

    (a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and

    (b) Completion of discovery.

**ANSWER:** These Defendants, in agreement with all parties, propose the following dates:

    a. <u>Plaintiff's Expert Disclosures</u>: October 17, 2021
       <u>Defendants' Expert Disclosures</u>: December 18, 2021

    b. <u>Completion of Discovery</u>: February 16, 2021.

(6)    Special circumstances which would affect the time frames applied in preparing the scheduling order.

**ANSWER:**    None at this time.

(7)    Additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.

**ANSWER:    These Defendants are unaware of any additional information requested in the Pre-Scheduling Order or otherwise requested by Judge Gergel.**

**These Defendants specifically reserve the right to supplement and/or change their Answers to these Disclosures as discovery progresses in this case.**

        HOOD LAW FIRM, LLC
        172 Meeting Street
        Post Office Box 1508
        Charleston, SC  29402
        Phone: (843) 577-4435
        Facsimile: (843) 722-1630

        **s/ James W. Clement**
        James B. Hood (9130)
        james.hood@hoodlaw.com
        James W. Clement (12720)
        jim.clement@hoodlaw.com

        *Attorneys for Detyens Shipyards, Inc. and Hightrak Staffing, Inc. d/b/a HiTrak Staffing, Inc.*

**June 24, 2021**
Charleston, South Carolina