

Deposition of:
# Wayne Alan Matayabas

*December 15, 2021*

In the Matter of:

# Provence, Tiffany N v. United States of America, et al

Veritext Legal Solutions
800.743.DEPO (3376) | Calendar-carolinas@veritext.com |
www.veritext.com

Wayne Alan Matayabas                                   December 15, 2021
Provence, Tiffany N v. United States of America, et al

Page 44

1    in the shop would review that.  They would have a
2    welding procedure that would tell them exactly what
3    they had to do.
4         Q.   And that welding procedure would have
5    been provided by Detyens, or who would have
6    provided it?
7         A.   It would be -- it's not engineering,
8    sir, or it could be -- it could be ones provided by
9    Department of Defense, I mean, something in the
10   contract -- I don't know.
11        Q.   I got you.  It could be OSHA.  It could
12   be Department of Defense?
13        A.   OSHA wouldn't give us a welder
14   procedure, no.
15        Q.   All right.  You said it could be the
16   Department of Defense?
17        A.   Yes, sir.
18        Q.   It could be some other government
19   source?
20        A.   Some repair contractor, yes, sir.
21        Q.   A repair contractor.  All right.  And
22   then you mentioned that there would be an
23   inspection and certification of that welding once
24   it had been set up?
25        A.   Yes, sir.

Page 71

1    issues, not just the port engineer.
2         Q.   I understand that, but my question is
3    real specific.  Everybody including --
4         A.   Yes.
5         Q.   -- the port engineer should be looking
6    out for safety issues --
7         A.   Yes, sir.
8         Q.   -- is that right?
9         A.   Yes, sir.
10             MR. YOUNG:  Thank you.  I don't have
11   any further questions.
12                     EXAMINATION
13   BY MR. GILSENAN:
14        Q.   Just one.  Certainly not all welds
15   require inspection?
16        A.   That is correct, sir.
17             MR. GILSENAN:  Thank you.
18                     EXAMINATION
19   BY MR. CLEMENT:
20        Q.   I just have a couple questions.  Based
21   on your knowledge and experience including over two
22   decades working in Detyens Shipyards, would you
23   agree with me that Hitrak would not have been
24   directing Mr. Hernandez in the performance of his
25   work on the Lummus at the time of the incident?

Wayne Alan MatayabasDecember 15, 2021
Provence, Tiffany N v. United States of America, et al

Page 72

1	A.	Hitrak probably would not even know
2	what work we're doing, so the answer to that
3	question is yes.
4	Q.	And similar question based on your
5	knowledge and experience, you would agree that
6	Hitrak or Southern Skills, for that matter, was not
7	controlling the work that Mr. Hernandez was on the
8	Lummus to do at the time of the incident, correct?
9	A.	That's correct.
10	MR. CLEMENT:  Those are the only
11	questions I have.  Thank you.
12	MR. YOUNG:  Thank you, sir.
13	MR. GILSENAN:  All right, Mr. Maytag,
14	thank you.
15	(A recess transpired.)
16	MR. YOUNG:  So we had talked offline
17	about how to manage these exhibits.  Y'all know I
18	marked three exhibits in the first deposition.
19	I've been using them in all three.  If it's
20	agreeable with you-all, however I referred to them,
21	it's the same exhibits that we designated in the
22	very first deposition.  The third one was the one
23	that Mr. Marshal brought of his draft report.  And
24	for purposes of using these depositions later, we
25	can refer to them all as one, two, three if that's