30(b)(6)  Paul Varghese Cont'd                     March 9, 2022
Provence, Tiffany N v. United States of America, et al

Page 1

```
 1                  UNITED STATES DISTRICT COURT
                    DISTRICT OF SOUTH CAROLINA
 2                      CHARLESTON DIVISION
                          IN ADMIRALTY
 3
 4     TIFFANY N. PROVENCE, AS THE
       PERSONAL REPRESENTATIVE OF
 5     THE ESTATE OF JUAN ANTONIO
       VILLALOBOS HERNANDEZ,
 6
                      Plaintiff,
 7
                vs.           CASE NO. 2:21-cv-965-RMG
 8
       UNITED STATES OF AMERICA,
 9     CROWLEY MARITIME CORPORATION,
       CROWLEY GOVERNMENT SERVICES,
10     INC., DETYENS SHIPYARDS, INC.
       AND HIGHTRAK STAFFING, INC.
11     D/B/A HIGHTRAK STAFFING, INC.,
12                  Defendants.
13
       VTC
14     30(b)(6)
       (CONTINUED)
15     DEPOSITION OF:   CROWLEY GOVERNMENT
                        SERVICES BY PAUL VARGHESE
16
17     DATE:           March 9, 2022
18     TIME:           10:44 AM
19     LOCATION:       Hines & Gilsenan, LLC
                       1535 Hobby Street, Suite 203D
20                     Charleston Navy Yard
                       North Charleston, SC
21
       TAKEN BY:       Counsel for the Plaintiff
22
       REPORTED BY:    Priscilla Nay,
23                     Court Reporter
                       (Remotely via VTC)
24
25
```

Page 152

```
 1     about the systems like you just explained it,

 2     right?

 3                 MR. GILSENAN:  Objection.

 4                 THE WITNESS:  He did not know anything

 5     about the rigging.

 6     BY MR. YOUNG:

 7           Q.   Okay.

 8           A.   He knew it was a system operation.

 9           Q.   Okay.  Yes.  Good.  And it's also true

10     that between November of 2018 and August 3rd of

11     2019 nobody from Crowley observed any hazardous

12     condition related to the lifeboats or the lifeboat

13     davits on the Lummus.  Is that accurate?

14           A.   Crowley has not -- Crowley reps have

15     not identified a visible in the sense there were

16     six lifeboats rigged almost the same way.  So there

17     was nothing triggering them to see that one isn't

18     the -- one is a hazard and the others are not.

19                 So basically what the -- the rigging

20     experts of the Detyens did was thought to be the

21     correct way to do it.

22           Q.   But you know today that that was not

23     the correct way, right?

24           A.    I do not -- I cannot answer that one

25     because I have not seen that one or I have not
```

30(b)(6)  Paul Varghese Cont'd                              March 9, 2022

Provence, Tiffany N v. United States of America, et al

Page 153

1      inspected and then until we -- we know exactly what

2      was the root cause of that failure -- because there

3      were six davits were restrained the same way.

4                   One failed.  Five did not.  That means

5      there could be other reasons, you know, like

6      electrical current going through some -- some

7      source or, you know, they didn't use the same --

8      same wire.  You know, same method to that.

9                   We don't know.  That is why there was

10     nothing visible because all six were, you know,

11     rigged there and then, you know, that is why it

12     didn't trigger him to take number -- Number 5

13     for -- for a particular action.

14            Q.    Okay.  So you believe that all six of

15     these lifeboat davits systems were -- excuse me --

16     were rigged properly and safely.  Is that your

17     testimony?

18            A.    It's for Detyens to answer that because

19     we contracted that through Detyens and then we --

20     under their safety management system we assumed

21     that they did that correctly or if not, you know,

22     they -- they need to answer to that.

23            Q.    All right.  You've seen the OSHA

24     violations.  Those don't affect your testimony in

25     any way.  Is that right?