IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| TIFFANY N. PROVENCE, as the Personal Representative of the Estate of Juan Antonio Villalobos Hernandez,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, CROWLEY MARITIME CORPORATION, CROWLEY GOVERNMENT SERVICES, INC., DETYENS SHIPYARDS, INC., and HIGHTRAK STAFFING, INC. d/b/a HITRAK STAFFING, INC.<br><br>　　　　　　Defendants. | CASE NO. 2:21-cv-965-RMG<br><br><br>PETITION FOR APPROVAL OF SETTLEMENT OF WRONGFUL DEATH AND SURVIVAL CLAIMS AGAINST DETYENS SHIPYARDS, INC. AND HIGHTRAK STAFFING, INC. d/b/a HITRAK STAFFING, INC. |

Pursuant to the S.C. Code Ann. §§ 15-51-20 and 15-5-90, Petitioner, Tiffany N. Provence, as the Personal Representative of the Estate of Juan Antonio Villalobos Hernandez, ("herein referred to as "Petitioner") deceased, by and through the undersigned counsel, hereby petitions this Court to approve the settlement of the above-captioned matter including claims for wrongful death and survival against Defendants Detyens Shipyards, Inc. and Hightrak Staffing, Inc. d/b/a HiTrak Staffing, Inc. (referred to jointly herein as the "Shipyard Defendants"),[1] in support thereof, states as follows:

---

[1] Petitioner has discussed the contents of this Petition with counsel and has authorized counsel to sign this filing on her behalf. However, Petitioner is currently out of the country and unable to immediately provide a signed verification. A signed verification will be filed separately, upon Petitioner's return.

1

1.      Petitioner is the duly appointed Personal Representative of the Estate of Juan Antonio Villalobos Hernandez. Petitioner was appointed Personal Representative by an Order of the Probate Court of Charleston County of South Carolina. A copy of the Certificate of Appointment is attached as **Exhibit A**. Petitioner has the authority to commence or settle legal claims on behalf of the Estate of Juan Antonio Villalobos Hernandez.

2.      Petitioner filed this lawsuit seeking actual and punitive damages for the death of Juan Antonio Villalobos Hernandez ("Juan Hernandez"), which occurred on April 3, 2019. Petitioner alleges that Juan Hernandez's death arose from an incident that occurred at the Detyens Shipyards in Charleston County, South Carolina while Juan Hernandez was performing repairs on a vessel. As the entities operating and supplying labor to the shipyard, the Shipyard Defendants are alleged to have contributed to the death of Mr. Hernandez by failing to properly restrain a 3,640-pount piece of the ship's equipment which ultimately came loose and crushed Juan Hernandez, causing his death. Petitioner's lawsuit alleges causes of action for negligence, survival, and wrongful death against the Shipyard Defendants. The Shipyard Defendants specifically denied these allegations and asserted various defenses.

3.      The Petitioner filed suit on April 1, 2021, and mediated the case on August 16, 2022, with attorney Paul Gibson.

4.      Although the Shipyard Defendants deny any wrongdoing and deny all liability in the above-captioned case, Petitioner and the Shipyard Defendants have agreed to a settlement of any and all claims related to or arising out of the death of Juan Hernandez for $350,000 to avoid the further expense and uncertainty of litigation given the complex issues involved. The parties have further agreed that $332,500 of this amount will be allocated to the wrongful death claim, and $17,500 of this amount will be allocated to the survival claim.

5. The Shipyard Defendants are insured by Starr Indemnity & Liability Company, under a Commercial Marine Liability Policy in the amount of $1,000,000 and under an Umbrella Policy in the amount of an additional $25,000,000.

6. There are no medical liens. Southern Skill Trades, Inc. and American Longshore Mutual Association, Ltd., Group Mutual Insurer (together, the "Lienholders"), hold a lien in the amount of $163,128.37 on the proceeds of this action or any settlement in this action, pursuant to a settlement of a related claim for benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, et. seq. As part of this settlement, the Lienholders have agreed to collect only $50,000 from this settlement and defer collection of the remaining $113,128.37 of its lien from future settlement proceeds (if any) or recoveries (if any). Petitioner is not aware of any other creditors against the Estate of Juan Antonio Villalobos Hernandez.

7. The settlement amount to be paid by the Shipyard Defendants to Petitioner is in full and final settlement of all claims against Detyens and HiTrak of the Estate of Juan Antonio Villalobos Hernandez and the heirs and statutory beneficiaries of Juan Antonio Villalobos Hernandez, and any other person or entity who may seek to recover on their behalf. Petitioner understands Defendants will be released from all claims now existing or that will arise related to the events surrounding the death of Juan Antonio Villalobos Hernandez. The effect of the release and settlement will be to extinguish all claims against Detyens Shipyards, Inc. and Hightrak Staffing, Inc. d/b/a HiTrak Staffing, Inc. only. The claims against all remaining Defendants—the United States of America, Crowley Government Services, Inc., and Crowley Maritime Corporation—shall not be released hereby and are expressly preserved.

8. Pursuant to S.C. Code Ann. § 15-51-20, the statutory beneficiaries of this action are Edith Hernandez Elias, Edgar Ricardo Villalobos Hernandez, and Francisco Javier Villalobos

Hernandez. Petitioner is the devisee of the Estate of Juan Antonio Villalobos Hernandez for the purposes of the survival action. Petitioner requests that the net settlement proceeds should be distributed to the statutory heirs, after deduction of all litigation costs, pursuant to S.C. Code Ann. §15-51-10 et seq. Petitioner respectfully requests that the Court approve the payment of litigation costs in the amount of $64,406.28, as set forth in the proposed disbursement summary attached as **Exhibit B**. Petitioner is not requesting attorney's fees at this time and will instead petition the Court for an award of attorney's fees based upon the Petitioner's total recovery when this matter has been fully resolved.

9. Petitioner and her attorneys have carefully considered the matter and believe the settlement offer to be fair and just, is in the best interest of the Estate, the heirs at law and the statutory beneficiaries under the Wrongful Death Statute and Survival Statute, and that the same should be approved and accepted.

10. Petitioner expressly represents that she has been represented by counsel, has been fully advised of all facts of these claims for the Estate of Juan Antonio Villalobos Hernandez, and all claims arising out of or in relation thereto, and is aware and fully advised that the execution of this instruction will fully and forever present and bar the collection of any additional payments, of any kind, nature or description against the Shipyard Defendants, their related entities, affiliated companies, successors, assigns, heirs, insurers, officers, employers, employees, agents, or servants and all others.

WHEREFORE, Petitioner prays unto the Court for the following:

A. Approval of the settlement as set forth in this Petition and as presented to the Court at the hearing;

B.  Approval of costs as set forth in the Petition and as presented to the Court at the hearing;

C.  Approval of the allocation as set forth in this Petition and as presented to the Court at the hearing;

D.  Authorization for Petitioner to execute appropriate settlement documents releasing Defendants and settling all claims against the Shipyard Defendants with prejudice; and

E.  All other instructions and relief that the Court deems necessary to approve and consummate this settlement.

Respectfully Submitted,

_____
Tiffany N. Provence, as the Personal Representative
of the Estate of Juan Antonio Villalobos Hernandez

*(signed by KMB w/ permission)*

September 2, 2022

## ATTORNEY CERTIFICATION

Pursuant to S.C. Code Ann. §§ 15-51-20 and 15-5-90, I undersigned counsel for Petitioner, certify that I am familiar with this matter by virtue of my representation of Petitioner throughout the claim and I am of the opinion that the settlement is fair and reasonable and in the best interest of the statutory beneficiaries and the Estate of the Decedent.

s/ J. Rutledge Young, III
J. Rutledge Young, III, Esq.
*Attorney for Petitioner*