IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| Tiffany N. Provence, as the Personal Representative for the Estate of Juan Antonio Villalobos Hernandez, ) ) ) ) Plaintiff, ) ) v. ) ) United States of America, *et al.*, ) ) Defendants. ) ) | C/A. No. 2:21-965-RMG  **ORDER** |

Before the Court is Plaintiff's motion for reconsideration. (Dkt. No. 86). The Court denies Plaintiff's motion.

Federal Rule of Civil Procedure 59(e) permits a district court to alter, amend, or vacate a prior judgment. Rule 59(e) permits a court to amend a judgment in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial [or summary judgment]; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown,* 478 F.3d 634, 637 (4th Cir. 2007) (citations omitted). Courts are reluctant to grant such a motion, because "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir.1998) (quoting 11 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2801.1, at 124 (2d ed.1995)). Although "there are 'circumstances when a motion to reconsider may perform a valuable function,' ... it [is] improper to use such a motion to 'ask the Court to rethink what the Court ha[s] already thought through—rightly or wrongly.'" *Potter v.*

*Potter,* 199 F.R.D. 550, 552 (D. Md.2001) (quoting *Above the Belt, Inc. v. Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va.1983)).

The Court denies Plaintiff's motion for reconsideration. Plaintiff has not identified any change in controlling law or any new evidence not previously available. Rather, Plaintiff reargues that a violation of "CGS's [Crowley Government Services, Inc.] own SMS procedures, particularly the Lock-Out/Tag-Out Procedure is a breach of the active control duty." (Dkt. No. 86 at 8). Plaintiff argues that while "SMS procedures" cannot themselves create a duty, a point this Court articulated in its prior order and which Plaintiff does not seriously dispute, (Dkt. No. 85 at 6 n.3), the Court should consider whether the Government breached the Lock-Out/Tag-Out Procedures and whether evidence of that breach creates a question of material fact as to whether the Government violated the Active Control duty, (Dkt. No. 86 at 8). Considering evidence of the Lock-Out/Tag-Out Procedure, however, does not lead the Court to reconsider its prior order. As noted previously, said procedure only recommends two level isolation for electrical supplies and piping systems, not gravity systems like those which supported the lifeboat davit at issue. (Dkt. No. 85 at 2) (noting that "two-level isolation may be possible in some instances and shall be used when possible (i.e., electrical supply may be interrupted at the main switchboard and at the motor controller, piping systems may contain multiple valves, etc.)"); (Dkt. No. 71-12 at 7) (Vessel's 30(b)(6) witness testimony that electrical isolation of the winch motors was the only Lock-Out/Tag-Out procedure applicable to the davits). As to Plaintiff's argument the Court failed to explicitly consider the testimony of her expert Gerald Nielsen, the Court rejects it as said testimony does not create a question of material fact as to what the Government knew or should have known regarding whether the use of only Crosby clamps on the lifeboat davits "posed an unreasonable risk of harm to a longshore worker." While Nielsen stated that he believed "not having secondary retention on

2

something that is suspended above workers is bad business practice," (Dkt. No. 86 at 9), he did not testify the use of Crosby clamps alone was a "violation of an industry-wide standard of care," unlike the safety director in *Gravatt v. City of New York*, 21998 WL 171491, at *15 (S.D.N.Y. April 10, 1998), the case relied on by Plaintiff in the motion for reconsideration. *See* (Dkt. No 71-9 at 193:23-194:6) (Nielsen testimony that the use of Crosby clamps alone was not an OSHA violation).

For the foregoing reasons, the Court **DENIES** the Plaintiff's motion for reconsideration (Dkt. No. 86).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>
Richard Mark Gergel<br>
United States District Judge

April 20, 2023
Charleston, South Carolina